UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RONALD M. COIA As Trustee of the Rhode Island Laborers Health Fund; the Rhode Island Laborers' Pension Fund; the New England Laborers' Training Trust Fund; the New England Laborers' Labor Management Cooperation/Trust Fund; the New England Laborers' Health & Safety Fund; the New England Laborers' Unified Trust Fund; the Rhode Island Laborers' Annuity Fund; the Rhode Island Laborers' Legal Services Fund; the Rhode Island Construction Industry Advancement Fund; and the RHODE ISLAND LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, | : | |
| v. | : | C.A. No. 07-0030-S-DLM |
| FLEET CONSTRUCTION CO., INC. | : | |

**PLAINTIFFS' MEMORANDUM SHOWING CAUSE**
**<u>WHY THIS CASE SHOULD NOT BE DISMISSED</u>**

Plaintiffs, Ronald M. Coia, as Trustee of the Rhode Island Laborers Health Fund, et al., respectfully submit this memorandum showing cause why this case should not be dismissed for lack of prosecution. On May 4, 2007, the Court issued a Show Cause Order requiring Plaintiffs to show cause, in writing, why the above-referenced matter should not be dismissed for lack of prosecution. As set forth in greater detail below, this case should not be dismissed because Plaintiffs recently filed an Amended Verified Complaint based on newly acquired information regarding additional delinquent fund contributions and union dues.

Plaintiffs filed suit against Fleet Construction Co., Inc. ("Fleet Construction") on January 24, 2007. On February 13, 2007, the Court granted a stipulation by agreement of the parties providing that Fleet Construction would have up to February 28, 2007 to respond to Plaintiffs' Complaint. Fleet Construction, however, did not respond by February 28, 2007. Based on an a representation by Fleet Construction's counsel that payment in full of the delinquent fund contributions and union dues was forthcoming, Plaintiffs waited to file a motion for default. After it became apparent that payment would not be forthcoming, Plaintiffs forwarded Fleet Construction notice of its intention to file for default as required under Local Rule Cv 55. A copy of the letter to Fleet Construction's counsel is attached as **Exhibit A**.

Since that time, Plaintiffs have further determined that Fleet Construction continues to be liable for the payment of additional fund contributions and union dues for the months of January, February, March and April 2007, although the contributions sought in the original complaint have now been paid. Accordingly, on May 23, 2007, Plaintiffs filed an Amended Complaint seeking compensation for the additional fund contributions and union dues.

Based on the recent filing of an Amended Verified Complaint, which is premised on newly acquired information, Plaintiffs submit that there is good cause why the case should not be dismissed. Accordingly, Plaintiffs respectfully request that the case not be dismissed for lack of prosecution.

Dated: Providence, Rhode Island
May 23, 2007

Respectfully submitted,

RONALD M. COIA, et al.
By their Attorneys,

/s/Robert P. Brooks

ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604 - 351-0607
rbrooks@apslaw.com
jlaporte@apslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I am over 18 years of age and not a party to this action. On May 23, 2005, I caused the foregoing Show Cause Memorandum to be served by first class mail, postage prepaid, upon the following:

Jean Fallago, Esq.
55 Cedar Swamp Road
Smithfield, RI 02917

/s/ Robert P. Brooks

*418157_1.doc*