UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RONALD M. COIA<br>As Trustee of the Rhode Island Laborers Health Fund; the Rhode Island Laborers' Pension Fund; the New England Laborers' Training Trust Fund; the New England Laborers' Labor Management Cooperation/Trust Fund; the New England Laborers' Health & Safety Fund; the New England Laborers' Unified Trust Fund; the Rhode Island Laborers' Annuity Fund; the Rhode Island Laborers' Legal Services Fund; the Rhode Island Construction Industry Advancement Fund; and the RHODE ISLAND LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, | : | |
| v. | : | C.A. No. 07-0030-S-DLM |
| FLEET CONSTRUCTION CO., INC. | : | |

**PLAINTIFFS' REPLY TO DEFENDANT FLEET CONSTRUCTION'S OBJECTION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

Plaintiff Ronald M. Coia, as duly appointed Trustee of the Rhode Island Laborers Health Fund, the Rhode Island Laborers Pension Fund, the New England Laborers' Labor Management Cooperation/Trust Fund, the New England Laborers' Health & Safety Fund, the Rhode Island Laborers Annuity Fund, the New England Laborers Training Trust Fund, the New England Laborers' Unified Trust Fund and the Rhode Island Laborers Legal Services Fund, ("Plaintiff Funds"), and Plaintiff, Rhode Island Laborers District Council ("Plaintiff Union"), acting on behalf of Local Unions #15, Westerly, Rhode Island; #271, Providence, Rhode Island; and #673, Newport, Rhode Island, hereby submit the within reply to Defendant Fleet Construction Co., Inc.'s ("Fleet Construction") Objection to Plaintiffs' Motion for Entry of Default.

As set forth in greater detail below, Fleet Construction's objection should be rejected for two reasons. First, Fleet Construction has not satisfied its obligation to pay the amounts owed

under the original Complaint. Second, Fleet Construction failed, without justification, to answer Plaintiffs' original Complaint or the Amended Complaint. Thus, Fleet Construction's objection to Plaintiffs' claim for the delinquent union dues and fund contributions contained in either complaint is untimely. Accordingly, Fleet Construction's objection to Plaintiffs' Motion for Entry of Default should be rejected and default should enter in Plaintiffs' favor.

## BACKGROUND

On January 24, 2007, Plaintiffs filed suit against Fleet Construction for the payment of delinquent fund contributions and union dues for the months of September, October, November and December 2006. In addition, Plaintiffs sought to recover interest on the unpaid contributions, liquidated damages, attorneys' fees and costs which are allowed under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. and the National Labor Relations Act, 29 U.S.C. § 185. Plaintiffs served Fleet Construction with the original Complaint on January 30, 2007. Thus, Fleet Construction's answer was due on or before February 19, 2007. A stipulation was entered granting Fleet Construction an extension of time to answer or otherwise respond by February 28, 2007. Fleet Construction, however, failed to answer or respond.

On May 23, 2007, Plaintiffs filed and Amended Complaint including claims for delinquent contributions and union dues for January, February, March and April 2007. Fleet Construction failed to answer or otherwise respond to the Amended Complaint within twenty days as required. On June 28, 2007, counsel for Fleet Construction was advised in writing that Plaintiffs intended to file a motion for default if an answer or response to the Amended Complaint was not filed. Absent any response from Fleet Construction's counsel, Plaintiffs filed their Motion for Entry of Default on August 2, 2007. On August 9, 2007, Fleet Construction filed its Objection to Plaintiffs' Motion for Entry of Default Judgment.

## ARGUMENT

In support of its objection to entry of default, Fleet Construction states that it satisfied the claims in Plaintiffs' original Complaint in full and that Plaintiffs' Amended Complaint

improperly includes delinquencies that were not contained in the original Complaint. Fleet Construction's arguments are without merit and should be rejected. First, contrary to Fleet Construction's assertions, it has not satisfied its obligation with respect to the original Complaint because Fleet Construction has not paid the interest, attorneys' fees, costs and liquidated damages owed to Plaintiffs for collection of the delinquent fund contributions and union dues. Second, Fleet Construction's objection to the additional delinquent fund contributions and union dues included in the Amended Complaint is untimely and should be rejected. If the Amended Complaint was improper, which it is not, Fleet Construction could have filed a motion to dismiss within twenty days of the filing of the Amended Complaint on May 23, 2007. Instead, Fleet Construction sat on its hands and waited until the Motion for Entry of Default was filed on August 2, 2007. Thus, any argument that Fleet Construction had regarding the Amended Complaint is untimely and should be rejected.

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their Motion for Entry of Default be granted.

Dated: Providence, Rhode Island
August 10, 2007

RONALD M. COIA, et al.
By their Attorneys,

/s/ Jaime J. LaPorte

ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604 - 351-0607
rbrooks@apslaw.com
jlaporte@apslaw.com

CERTIFICATE OF SERVICE

To:

Joseph D. Tudino, Esq.
Domenic Tudino, Esq., Inc.
915 Smith Street
Providence, RI 02908

I hereby certify that I filed the within Reply through the ECF system on the 10th day of August, 2007, and that notice will be sent by regular mail to the above-named counsel who is the registered participant identified for Case No. 07-0330-S-DLM.

/s/ Jaime J. LaPorte

*425626_1.doc*